DIANNE S. LOMBARDO *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF MANCHESTER ET AL.
(13674)

O'CONNELL, HEIMAN and SPEAR, Js.

Argued April 25—decision released August 22, 1995

---

"A. Yes.

"Q. Tell us what they told you?

"A. Who was the guy?

"Q. Pardon?

"A. They said who was the guy?

"Q. They asked you who was the guy?

"A. Yes.

"Q: Did they tell you you had to pick out someone or that they—

"A: They said pick out the person who did it."

*Steven M. Basche,* with whom, on the brief, was *Leonard Jacobs,* for the appellant (defendant Paul S. Wright).

*Dianne S. Lombardo,* pro se, the appellee (plaintiff).

*John F. Sullivan,* assistant town attorney, for the named defendant.

PER CURIAM. The dispositive issues in this appeal are whether the trial court improperly (1) reviewed the defendant planning and zoning commission's approval of the defendant Paul S. Wright's[1] applications for a special permit and for subdivision approval for the same parcel of land as one subdivision application rather than reviewing each approval separately pursuant to the regulations that governed each application, and (2) determined that the subdivision regulations were not

---

[1] Wright and the planning and zoning commission of the town of Manchester were the defendants in the underlying action. Only Wright has appealed the trial court's reversal of the commission's granting of his applications.

met because rear lots are prohibited in a subdivision and one lot had no direct access to a public street, as required by the regulations.

The plaintiff, Dianne Lombardo, appealed to the Superior Court from the decisions of the planning and zoning commission of the town of Manchester granting Wright's applications for a special permit and subdivision approval. The trial court sustained the appeals and Wright appealed to this court upon our granting of his petition for certification. We affirm the judgment of the trial court.

The following facts are necessary for the resolution of this appeal. On April 22, 1992, Wright applied to the commission for a special permit to create a rear lot of approximately 5.30 acres from a 7.23 acre lot known as 175 Bolton Road. Wright simultaneously filed an application to subdivide the balance of the acreage into two front lots of approximately one acre each. The commission granted both applications, and the plaintiff timely appealed the decision on August 31, 1992. On September 28, 1992, Wright filed two separate applications requesting the same approvals that he had previously received for a rear lot and a subdivision. These subsequent applications were apparently intended to correct irregularities in the original application that were raised by the plaintiff's appeal. The application for a rear lot was granted on December 7, 1992, and the subdivision application was approved on January 4, 1993. The plaintiff timely appealed from the commission's granting of the two subsequent applications, and the trial court consolidated the three appeals.

The plaintiff asserted in the trial court that the commission's approval of the applications was improper because they resulted in a subdivision that did not meet the requirements of the regulations. Wright argued that he had a right to create a rear lot first and there-

after to divide the resulting acreage into two front lots. The trial court agreed with the plaintiff, stating: "The record is clear that Wright sought in his simultaneous applications and site plan to divide his property into three lots and that the commission failed to require him to comply with the subdivision regulations which, on their face, applied to the creation of three lots from one parcel of land."

We agree with the trial court's resolution of all of the issues as set forth in its thorough and thoughtful memorandum of decision. *Lombardo* v. *Planning & Zoning Commission*, 43 Conn. Sup. 508, 663 A.2d 1128 (1994). The court's memorandum of decision fully addresses the issues raised by the defendant in the present appeal. We, therefore, adopt its decision as a statement of the facts and applicable law on these issues. It would serve no useful purpose to repeat the discussion contained therein. See *Greater Bridgeport Transit District* v. *State Board of Labor Relations*, 232 Conn. 57, 64, 653 A.2d 151 (1995); *Advanced Business Systems, Inc.* v. *Crystal*, 231 Conn. 378, 381, 650 A.2d 540 (1994); *Fromer* v. *Freedom of Information Commission*, 36 Conn. App. 155, 158, 649 A.2d 540 (1994).

The judgments are affirmed.