[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Paula Y. Denike, Audrey Price and Michael Whelan, appeal pursuant to General Statutes § 8-8(b) from a decision of the defendant, Planning Zoning Commission of the Town of Newtown (Commission), approving a subdivision application submitted by the defendant-applicant, Carol French.
On March 31, 1994, the defendant, Carol French, applied to the Commission for approval of a subdivision plan. (Return of Record [ROR], Item 23: Application.) French proposed to subdivide a 20.378 acre parcel of land on Gopher Road in Newtown, Connecticut, into seven building lots of at least two acres in size. French's subdivision plan also calls for the dedication of 2.345 acres for open space; (ROR, Item 19: Warranty Deed; Item 26: Application Maps); and the construction of a dead-end road, Shadow Ridge Circle, to provide access to the seven lots (ROR, Item 20: Warranty Deed; Item 26. The subject property is zoned R-2; (ROR, Item 26); and, therefore, is subject to a two acre minimum lot size pursuant to § 3.01 and Chart V-I of the Newtown Zoning Regulations. (ROR, Item 25: Zoning Regulations, pp. 9, 41-42.)
Pursuant to General statutes § 8-26, French submitted her application to the inland wetlands agency, the Conservation Commission. At its March 23, 1994 meeting, the Conservation Commission considered the problem of drainage onto adjoining land, the placement of the proposed road in relation to the wetlands, and the environmental impact and reasonable alternatives to the plan. (ROR, Item 7: Conservation Commission Minutes.) At the same meeting, the Conservation Commission granted French a license to conduct regulated activities on the property by a 4 to 3 vote, and required French to install erosion and sediment controls prior to construction as a condition of approval. (ROR, Item 7; Item 10: Letter from Conservation Director.) The close vote among the Conservation Commission CT Page 3102 members was the result of concern over the placement of the proposed road in relation to the wetlands. (ROR, Item 30: August 4, 1994 Commission Transcript, p. 2.)
The Planning Zoning Commission considered French's subdivision application at its regular meetings on July 21, and August 4, 1994. (ROR, Items 2 and 3: Commission Minutes.) The matter was tabled at the July 21 meeting in order to give the Commission an opportunity to review the concerns the Conservation Commission may have had regarding the application; (ROR, Item 2, p. 4); but the Commission declined to second-guess the Conservation Commission's decision to approve the application. (ROR, Item 30, p. 2.) At the August 4, 1994 meeting, the Planning Zoning Commission approved French's subdivision application with the following stipulations addressing the concerns of the Town Engineer: (1) that a Common Driveway Covenant and estimate be submitted for lots #5 and #6; (2) that the plans indicate that lots #5 and #6 are served by a common driveway; and (3) that a revised road plan and profile be submitted to satisfy Section 2.09.1 of the Road Ordinance (which concerns drainage) and approved by the Town Engineer. (ROR, Item 5: Letter of Approval.) Legal notice of the approval was published in the August 12, 1994 edition of The Newtown Bee. (ROR, Item 1: Legal Notice.)
On August 26, 1994, the plaintiffs' commenced a timely appeal by service of process on the Commission Chairman, the Newtown Town Clerk, and the defendant-applicant, Carol French. (See Sheriff's Return.) The plaintiffs' allege that in approving the application, the Commission acted illegally, arbitrarily, and in abuse of discretion vested in it in that:
1. The Commission improperly concluded that the proposal was a "subdivision" and not a "resubdivision," and therefore did not conduct a public hearing nor publish legal notices that the application was pending, in violation of § 8-26 of Connecticut General statutes and § 5.01 of the Newtown Subdivision Regulations.
2. The Commission invited members of the public who attended its initial meeting to write letters, give testimony and provide evidence concerning the application. At the next meeting, however, the Commission refused to accept letters and comments offered by the public, thereby defeating their rights to due process. CT Page 3103
3. The land contains steep slopes and is subject to periodic flooding and poor drainage but was nonetheless divided in violation of § 2.03 of the Newtown Subdivision Regulations.
4. The Commission approved the subdivision even though some of the information required by § 3.0 of the Subdivision Regulations was lacking.
5. The Commission approved the proposed subdivision even though the proposed street does not meet the requirements of § 4.01 of the Subdivision Regulations.
6. The Commission improperly reserved for itself the discretion, without any standards whatsoever, to conduct or not to conduct a public hearing on any proposed subdivision.
7. The Commission received no substantial evidence supporting the findings necessary for its approval. (Plaintiffs' Complaint/Appeal, ¶ 5.) The plaintiffs now seek to overturn the Commission's approval of the subdivision application.
The Commission filed an answer on October 7, 1994, denying the plaintiffs' allegations that it acted illegally, arbitrarily, and with an abuse of discretion in approving the application. On October 17, 1994, defendant French also filed an answer denying these allegations.
The documents comprising the record and acted upon by the Commission (ROR, Items 1 to 26) were returned to the court on October 7, 1994. On January 6, 1995, the Commission filed a supplemental return of record (ROR, Items 27 to 48) in accordance with the court's (Leheny, J.) November 7, 1994 order and by agreement of the parties. At the hearing on August 14, 1995, the plaintiffs' submitted a certified copy of a 1984 warranty deed from Paul Sedor to Audrey Price and Michael Whelan. (Plaintiffs' Exhibit 1.)
General statutes § 8-8 governs appeals taken from the decisions of a planning and zoning commission to the Superior Court. In order to take advantage of a statutory right to appeal the decision of an administrative agency, there must be strict compliance with the statutory provisions which created the right.Simko v. Zoning Board of Appeals, 206 Conn. 374, 377,538 A.2d 202 (1988). These provisions are mandatory and jurisdictional in nature; failure to comply may result in the dismissal of the CT Page 3104 appeal. Id.
Pursuant to General statutes § 8-8(b), "any person aggrieved by any decision of a board may take an appeal to the superior court for the judicial district in which the municipality is located." Aggrievement is a jurisdictional matter, and it is a prerequisite to maintaining an appeal.Winchester Woods Associates v. Planning Zoning Commission.219 Conn. 303, 307, 592 A.2d 953 (1991). "In the case of a decision by a zoning commission, planning commission, combined planning and zoning commission or zoning board of appeals, `aggrieved person' includes any person owning land that abuts or is within a radius of one hundred feet of any portion of the land involved in the decision of the board." General Statutes § 8-8(a)(1). "Abutting landowners or landowners within a radius of one hundred feet of the land involved in any decision of the zoning board are considered automatically aggrieved and have standing to appeal a decision of a zoning board without having to prove aggrievement."Smith v. Planning Zoning Board, 203 Conn. 317, 321,524 A.2d 1128 (1987).
In the present case, the plaintiffs' allege that they are aggrieved by the decision of the Commission in that they "(a) own land abutting or within one hundred feet of the land subject to the application for the proposed subdivision." (Plaintiffs' Complaint/Appeal, ¶ 4.) The "Shadow Ridge" maps submitted with the subdivision application (ROR, Item 26) and the warranty deeds (ROR, Item 46; Plaintiffs' Exhibit 1) contained in the record establish that the plaintiffs own land that abuts the French property. Accordingly, the record indicates that the plaintiffs are abutting landowners and are therefore automatically aggrieved and entitled to bring this appeal.
General Statutes § 8-8 (b) provides that an appeal must be commenced within fifteen days from the date that notice of the decision is published. In the present case, notice of the Commission's decision was published in The Newtown Bee on August 12, 1994. (ROR, Item 1.) On August 26, 1994, fourteen days after notice of the Commission's decision was published, the plaintiffs' commenced this appeal by service of process on the chairman of the Commission, the Newtown town clerk, and the defendant-applicant, Carol French. (See Sheriff's Return.) Accordingly, the plaintiffs' appeal is timely.
"It is well settled that a court, in reviewing the actions of CT Page 3105 an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation marks omitted.) ConnecticutResources Recovery Auth. v. Planning Zoning Commission,225 Conn. 731, 744, 626 A.2d 705 (1993). "In applying the law to the facts of a particular case, the board is endowed with a liberal discretion, and its action is subject to review by the court only to determine whether it was unreasonable, arbitrary or illegal."Schwartz v. Planning Zoning Commission, 208 Conn. 146, 152,543 A.2d 1339 (1988). The "court reviews the record of the administrative proceedings to determine whether the commission or the board has acted fairly or with Proper motives or upon valid reasons." (Internal quotation marks omitted.) Id. "The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached." DeBeradinis v. Zoning Commission, 228 Conn. 187,198, 635 A.2d 1220 (1994). "Conclusions reached by the commission must be upheld by the trial court if they are reasonably supported by the record." Id. "The burden of proof is on the plaintiff to demonstrate that the board acted improperly."Spero v. Zoning Board of Appeals, 217 Conn. 435, 440,586 A.2d 590 (1991).
"[I]f the commission fails to state clearly the reasons for its decision, the trial court . . . must search the record to find a basis for the commission's decision." Double I LimitedPartnership v. Plan Zoning Commission, 218 Conn. 65, 73,588 A.2d 624 (1991). The court, however, should not engage in a "microscopic search" for technical defects because its role is not to perform administrative functions. Frito-Lay. Inc. v.Planning Zoning Commission. 206 Conn. 554, 573, 538 A.2d 1039
(1988). The action of the commission should be sustained if even one basis is sufficient to support it. DeBeradinis v. ZoningCommission, supra, 228 Conn. 199.
The plaintiffs' argue that General statutes § 8-26, which authorizes the Commission to conduct a public hearing "if, in its judgment, the specific circumstances require such action," is unconstitutionally vague. Even if the statute is valid, the plaintiffs' argue that the Commission abused its discretion by inviting public comment and then refusing to receive it. Moreover, the plaintiffs' claim that the French proposal constitutes a "resubdivision," rather than a "subdivision," and therefore requires a public hearing. Finally, even if a public hearing was not legally required, the plaintiffs' claim that the CT Page 3106 Commission abused its discretion in approving the French application because the proposal does not comply with certain subdivision regulations.
In its opposing brief, the Commission argues that its approval of the subdivision application is supported by the record and was not arbitrary or an abuse of discretion. According to the Commission, it was not required to hold a public hearing because it correctly concluded that the application was for a subdivision and not a resubdivision. Finally, the Commission argues that the delegation of discretion to the Commission in § 8-26 is not unconstitutional because the Commission is acting in an administrative capacity.
French argues, in light of the administrative function performed by the Commission, that the plaintiffs have not shown that § 8-26 is unconstitutionally vague. Furthermore, according to French, the last partition of the property prior to the present application was only a boundary adjustment between abutting landowners and did not constitute a subdivision. Even if it were a subdivision, French argues that the instant application is still not for a resubdivision because it does not propose a change in an "approved and recorded subdivision map" which is a prerequisite of a resubdivision. In addition, French claims that the review of the subdivision application by the Commission and its advisors was thorough and comprehensive. Accordingly, French contends that the plan complies with the regulations and the Commission's decision must be allowed to stand.
In their reply brief, the plaintiffs' contend that the Commission denied the opponents of the application an opportunity to present evidence and contribute to the record. According to the plaintiffs, when only one side contributes to the record, the Commission is unable to fairly and adequately determine whether the proposed subdivision complies with the subdivision regulations. The plaintiffs' argue that this unfairness is especially acute and deprives them of "substantial justice" because the reviewing court on appeal is confined to the evidence in the record.
When a municipal planning commission considers the approval or disapproval of a subdivision plan, it is acting in an administrative capacity rather than in a legislative, judicial or quasi-judicial capacity. Reed v. Planning Zoning Commission,208 Conn. 431, 433, 544 A.2d 1213 (1988). The commission is CT Page 3107 limited to determining whether or not the subdivision application complies with the subdivision regulations. R.B. Kent Son, Inc.v. Planning Commission. 21 Conn. App. 370, 373, 573 A.2d 760
(1990). "The planning commission, acting in its administrative capacity herein, has no discretion or choice but to approve a subdivision if it conforms to the regulations adopted for its guidance. . . . If it does not conform as required, the plan may be disapproved." (citation omitted.) Reed v. Planning ZoningCommission, supra, 208 Conn. 433.
The plaintiffs' argue that the application in the present case was for a resubdivision rather than a subdivision and thus required a public hearing pursuant to General statutes § 8-26. "The commission may hold a public hearing regarding any subdivision proposal if, in its judgment, the specific circumstances require such action. No plan of resubdivision shall be acted upon by the commission without a public hearing." General statutes § 8-26. "[T]his court must determine whether the commission's implicit decision that the applications did not constitute a [re]subdivision within the meaning of its regulations is reasonably supported by the record." Lombardo v.Planning Zoning Commission. 43 Conn. Sup. 508, 514,663 A.2d 1128 (1994, Hodgson, J.), aff'd, 38 Conn. App. 812, 663 A.2d 431
(1995).
A planning and zoning commission has "the authority to determine whether the existing division of any land constitutes a subdivision or resubdivision. . . ." General Statutes § 8-26. Subdivision is defined as "the division of a tract or parcel of land into three or more parts or lots made subsequent to the adoption of subdivision regulations by the commission, for the purpose, whether immediate or future, of sale or building development . . . and includes resubdivision. . . ." General Statutes § 8-18; Newtown Subdivision Regulations § 1.14. Resubdivision is defined as "a change in a map of an approved or recorded subdivision or resubdivision if such change (a) affects any street layout shown on such map, (b) affects any area reserved thereon for public use or (c) diminishes the size of any lot shown thereon and creates an additional building lot, if any of the lots shown thereon have been conveyed after the approval or recording of such map. . . ." General statutes § 8-18; Newtown Subdivision Regulations § 1.09. Because the commission is bound by the definitions in § 8-18, it does not have unlimited discretion in resolving such questions. CT Page 3108
The French Parcel was originally part of a larger parcel (Initial Parcel) that consisted of the Denike Parcel, the French Parcel (Parcel A), and Parcel B on the "Swanson" Map. (ROR, Item 31: "Hair" Map; Item 32: "Swanson" Map.) The plaintiffs contend that the division of the Initial Parcel, subsequent to the adoption of the subdivision regulations in February of 1956, into the Denike Parcel, Parcel A and Parcel B constitutes a subdivision and, therefore, that the present application to subdivide Parcel A is a resubdivision, requiring a public hearing pursuant to § 8-26. In the absence of such a hearing, the plaintiffs' argue that the Commission's approval must be set aside.
The defendants, however, argue that no subdivision of the property occurred prior to the present application and, therefore, that the Commission was not required to hold a public hearing pursuant to § 8-26. According to the defendants, the creation and transfer of Parcel B was merely a boundary line adjustment and did not constitute a subdivision, as defined by General statutes § 8-18 and § 1.14 of the Subdivision Regulations, because Parcel B was not divided "for the purpose, whether immediate or future, of sale or building development." (Commission's Brief, pp. 17-18.) The defendants' argue further that an approved subdivision map is a prerequisite for a resubdivision. (French Brief, p. 5; Commission's Brief, pp. 17, 19, citing Gagnon v. Planning Commission, 24 Conn. App. 413, 420,588 A.2d 1385 (1991) (Lavery, J. dissenting), aff'd, 222 Conn. 294,608 A.2d 1181 (1992)). Because there was no prior approved or recorded subdivision in the present case, the defendants' argue that there can be no resubdivision and a public hearing is not required. Finally, the defendants' claim, contrary to the plaintiffs' argument, that although merger is not relevant in the present case, Parcels B and C have merged either as a result of the intent of the owner or by operation of law.
The division of the Initial Parcel into Parcels A and B in the present case, did not create an "additional building lot"; (see ROR, Item 32: "Swanson" Map); but only increased the size of an adjoining nonconforming lot. Parcel B was transferred for no consideration. (ROR, Item 34: Warranty Deed). "The portion of the definition requiring a division for sale or building development arguably exempts some partitions of land where there is no intent to sell or develop them, such as divisions of part of an estate among family members or boundary line adjustments between i, abutting properties." R. Fuller, Land Use Law and Practice § CT Page 3109 10.9, p. 178 (1993). Because the transfer of Parcel B was for no consideration and did not create an additional building lot, the transfer was not "for the purpose . . . of sale or building development" and the record supports the Commission's implicit decision that this transfer did not constitute a subdivision as defined by General statutes § 8-18. The requirement of a division into three or more parts or lots for the purpose, whether immediate or future, of sale or building development is clearly required by § 8-18, and "in the absence of this statutory requirement there was no subdivision." McCrann v. TownPlan Zoning Commission, 161 Conn. 65, 70, 282 A.2d 900 (1971). Accordingly, the record supports the Commission's finding that the present application was for a subdivision rather than a resubdivision and, therefore, the Commission was not required to hold a public hearing pursuant to General statutes § 8-26.
The plaintiffs' argue that the Commission abused its discretion in failing to conduct a public hearing and that nowhere in the record does the Commission state that they decided to conduct a public meeting as opposed to a public hearing. Where an agency is acting administratively, however, constitutional due process does not require a hearing if neither a statute nor local ordinance requires one. Forest Construction Co. v. Planning Zoning Commission, 155 Conn. 669, 674-75, 236 A.2d 917 (1967). See also Swensson v. Planning Zoning Commission, 23 Conn. App. 75,79, 579 A.2d 113 (1990) ("[t]he commission was within its statutory authority to determine that no public hearing was necessary"). Although the commission is required to hold a public hearing for resubdivision applications; General statutes § 8-26; "[t]he commission, pursuant to General statutes § 8-26, is not required to hold a public hearing in every case regarding a subdivision proposal presented to it. The statutory requirement provides that the commission may hold such a hearing if, in its judgment, the specific circumstances require such action." ForestConstruction Co. v. Planning Zoning Commission, supra,155 Conn. 674. The Newtown Subdivision Regulations include a provision similar to § 8-26. See Newtown Subdivision Regulations § 3.10. "A public hearing is not therefore mandatory either by statute or regulation." Id., 674.
In the present case, the Commission determined that a public hearing was not required. (ROR, Item 30, p. 1.) "[A] court, in reviewing the actions of an administrative agency, is not permitted to substitute its judgment for that of the agency or to make factual determinations on its own." (Internal quotation CT Page 3110 marks omitted.) Connecticut Resources Recovery Auth. v. Planning Zoning Commission, supra, 225 Conn. 744. As stated above, the Commission's decision that the present application was for a subdivision is supported by the record; (see ROR, Items 31, 32 and 34); and the Commission was not required to hold a public hearing pursuant to § 8-26. Accordingly, the Commission acted within its authority under § 8-26 in deciding not to conduct a public hearing, and the plaintiffs' claim that the Commission abused its discretion is without merit.
The plaintiffs also argue that by inviting public participation; (ROR, Item 29: July 21, 1994 Commission Transcript, p. 7); the Commission decided to conduct a de facto public hearing and was therefore required to accept such input and comply with the procedural requirements of § 8-26, such as public notice, the right to comment, and an opportunity to be heard. In support of this argument, the plaintiffs' rely onFrito-Lay. Inc. v. Planning Zoning Commission, 206 Conn. 554,573-74, 538 A.2d 1039 (1988).
The plaintiffs' reliance on Frito-Lay is misplaced. In Frito-Lay,
the court sustained the plaintiffs' appeal and remanded the matter to the commission for a new hearing. The court concluded that the commission illegally conducted multiple public hearings by allowing public comment to continue at commission meetings beyond the thirty day period prescribed by General Statutes §8-7d (a). Frito-Lay, Inc. v. Planning Zoning Commission, supra,206 Conn. 573-75. In contrast, although the Commission suggested that the public could submit letters to the Commission in the present case; (ROR, Item 29, p. 7); the Commission ultimately refused any such input from the public and did not consider letters from the public in ruling on the French application. (ROR, Item 30, p. 4.) Because the Commission did not accept comments from the public at its regular meetings, and there is no evidence in the record that it considered any of the letters from the public in making its determination, a de facto hearing was not held and the procedural requirements of § 8-26 for public hearings were not necessary.
In their brief in support of this appeal, the plaintiffs' argue that General statutes § 8-26 is an unconstitutional delegation of discretion to the Commission. The plaintiffs' contend that the Commission enjoyed excessive and illegal discretion in deciding whether to hold a public hearing when considering a subdivision application. According to the CT Page 3111 plaintiffs, the Commission must follow some set of standards in deciding whether to conduct a public hearing for a subdivision application and, in the absence of any such standards in the statute or subdivision regulations, the delegation of unfettered discretion violates the due process clause of the United States and Connecticut constitutions. Had the Commission held a public hearing in the present case, the plaintiffs' claim that the Commission would have had evidence before it that might have established the subdivision's noncompliance with the relevant regulations or informed the Commission as to whether the proposal concerned a subdivision or a resubdivision.
The Commission argues that because it acts in an administrative capacity, as opposed to a legislative or judicial capacity, when approving a subdivision, a public hearing is not constitutionally required and, therefore, that the delegation of discretion in § 8-26 to the Commission to decide whether or not to hold a public hearing cannot be constitutionally infirm. (Defendants' Brief, p. 26.) According to the Commission, the procedural safeguards in the cases cited by the plaintiffs only apply to the delegation of legislative or judicial function and not to the delegation of an administrative function, as in the present case. (Commission's Brief, p. 27.) Even if § 8-26 is subject to the constitutional limitations suggested by the plaintiffs, the Commission claims that the discretion granted in § 8-26 "is not overbroad, vague or excessive delegation." (Commission's Brief, p. 28.) The Commission argues that it only has discretion in the limited situation in which the application is for a subdivision, and that the town's Subdivision Regulations guarantee that subdivisions are not being approved without appropriate standards.
Furthermore, the Commission argues that in order to prevail on a due process claim, a plaintiff must prove a property interest cognizable under the due process clause. According to the Commission, an adjoining property owner's claimed right to an opportunity to be heard is not a constitutionally cognizable property right and thus cannot give rise to a violation of procedural due process. (Commission's Brief, p. 29), citingDouble I Limited Partnership v. Plan Zoning Commission,218 Conn. 65, 76, 588 A.2d 624 (1991) ("the plaintiffs [abutting landowners] are unable to demonstrate that they have been deprived of a constitutionally cognizable property interest"). Accordingly, the Commission argues that the plaintiffs' lack a constitutionally cognizable property right and thus cannot claim CT Page 3112 deprivation of their rights to procedural due process.
In her opposing brief, Carol A. French argues that General statutes § 8-26 is not unconstitutionally vague or a violation of due process, and that in order to successfully challenge § 8-26, the plaintiffs must establish beyond a reasonable doubt that the statute is unconstitutional. According to French, the substantive rights of both the applicant and the plaintiffs are protected not by a public hearing, but by the right to appeal to the Superior Court if the Commission fails to apply its standards (the planning and zoning regulations) to the application properly.
"There is no question that a state legislature can delegate its authority to municipalities, particularly for local matters pertaining to health, safety and general welfare." Bottone v.Westport, 209 Conn. 652, 658, 553 A.2d 576 (1989). "[I]n passing on the constitutionality of a legislative act, we will make every presumption and intendment in favor of its validity. . . ." (Internal quotation marks omitted.) Id., 657. "The party challenging a statute's constitutionality has a heavy burden of proof; the unconstitutionality must be proven beyond allreasonable doubt." (Emphasis added.) Id.
Constitutional due process does not require a hearing if neither a statute nor a local ordinance requires one, at least where the agency is acting "administratively" and therefore has no discretion to withhold approval if all the conditions in the regulations are met. Forest Construction Co. v. Planning ZoningCommission, supra, 155 Conn. 674-75. See also Double I LimitedPartnership v. Plan Zoning Commission, supra, 218 Conn. 81
(abutting landowners' interest in attending the hearing on the defendant's application "was not a protected property interest under the due process clause"); Telker v. Planning ZoningBoard, Superior Court, Judicial District of Ansonia-Milford at Milford, Docket No. 032227 (January 4, 1991, Fuller, J.,6 CSCR 523, 525) ("[t]here is no automatic procedural due process right to a public hearing to object to the development of someone else's property"). "[A] municipal planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity and does not function as a legislative, judicial or quasi-judicial agency, which would require it to observe the safeguards, ordinarily guaranteed to the applicants and the public, of a fair opportunity to cross-examine witnesses, to CT Page 3113 inspect documents presented, and to offer evidence in explanation or rebuttal and of the right to be fully apprised of the facts upon which action is to be taken. . . ." (citations omitted; internal quotation marks omitted.) Reed v. Planning ZoningCommission, supra, 208 Conn. 433, citing Forest Construction Co.v. Planning Zoning Commission, supra, 155 Conn. 674-75.
General Statutes § 8-26 is a delegation of administrative rather than legislative authority. "[A] municipal planning commission, in exercising its function of approving or disapproving any particular subdivision plan, is acting in an administrative capacity. . . ." Reed v. Planning ZoningCommission, supra, 208 Conn. 433. As the Commission argues, the line of cases cited by the plaintiffs refer to an unconstitutional delegation of legislative or quasi-judicial authority. Such a delegation requires "primary standards." Statev. Stoddard, 126 Conn. 623, 628, 13 A.2d 586 (1940). General statutes § 8-26, however, merely grants the Commission discretion to determine whether to hold a public hearing in a situation where a public hearing is not constitutionally required. Section 8-26 is a reasonable delegation of discretion to planning and zoning commissions to enable them to carry out their administrative duties. "[T]he practical benefits to be realized from a hearing often suggest the desirability of affording one . . . whether or not a hearing would otherwise be required." 2 Am.Jur.2d 203, Administrative Law § 397 (1962).
The plaintiffs' rely on State v. Stoddard, supra, 126 Conn. 628, for the proposition that to delegate legislative power lawfully, a statute must "declare a legislative policy, establish primary standards for carrying it out, or lay down an intelligible principle to which the administrative . . . body must conform." (Plaintiffs' Brief, p. 11.) Nevertheless, the court in Bottone v. Westport, supra, 209 Conn. 660, held that the rule pronounced in State v. Stoddard involved the delegation of powers from the legislative to the executive branch of state government and that application of this rule "to delegations from the state legislature to a municipality, as in the present case, is not appropriate." "[D]ue process provides the sounder standard to govern the delegation of legislative authority to a municipality." (Internal quotation marks omitted.) Id., 667. "[T]he proper standard for a delegation of power from the state legislature to a municipality, based on both constitutional analysis and the reality of state and local governmental relations, is that such a delegation should be judged by whether CT Page 3114 it provides reasonable notice of what conduct may be authorized or prohibited under its provisions." Id., 675.
State v. Stoddard and the line of cases cited by the plaintiffs do not apply to the present case where the state legislature delegates administrative authority to a municipal agency. The Newtown Subdivision Regulations provide sufficient notice of what conduct may be authorized or prohibited as required by Bottone v. Westport, supra, 209 Conn. 675. Hearings are not required to determine whether a proposal for a subdivision conforms to existing zoning regulations. ConnecticutLight Power Co. v. Norwalk, 179 Conn. 111, 119, 425 A.2d 576
(1979). The plaintiffs are protected from arbitrary action by the Commission and the violation of their due process rights by the right to appeal to the superior court pursuant to General statutes § 8-8. See Connecticut Light Power Co. v. Norwalk, supra, 179 Conn. 120 (the right to appeal constitutes an adequate constitutional safeguard of the rights of the plaintiffs, "both as to its right to be heard before final judgment and as to its other claims concerning the inadequacy of he administrative record"). "Administrative decision-making without a hearing is constitutionally validated . . . by providing an aggrieved party a subsequent opportunity for judicial review. . . . [o]ne hearing before final action is all that is constitutionally required." Id., 119. Accordingly, the right to appeal under General statutes § 8-8 adequately protects the plaintiffs' constitutional rights, and that the plaintiffs' have failed to satisfy their heavy burden and establish that § 8-26 is unconstitutional "beyond all reasonable doubt."
Finally, the plaintiffs' argue that the Commission should not have approved the application because it violated certain subdivision regulations. According to the plaintiffs, the French subdivision plan violates §§ 2.03, 3.01 and 4.01 of the Newtown Subdivision Regulations, and the Commission might have become aware of these violations if it had conducted a public hearing and accepted comments from the public. The Commission, however, maintains that there is no support in the record for the alleged violations.
First, the plaintiffs' claim that Subdivision Regulations § 2.03 prohibits the subdivision of the French property because it is subject to periodic flooding and poor drainage as indicated by the presence of wetlands on the property (ROR, Item 7; Item 26). Section 2.03 provides in relevant part: "Land CT Page 3115 subject to periodic flooding, poor drainage, steep slopes or other hazardous conditions shall not be subdivided." As the plaintiffs' argue, General statutes § 22a-38 (15) defines "wetlands" as "land, including submerged land, not regulated pursuant to section 22a-28 to 22a-35, inclusive, which consists of any of the soil types designated as poorly drained, very poorly drained, alluvial, and flood plain. . . ." Had the public been permitted to participate in the Commission's meetings, the plaintiffs' argue, the Commission "may have received further proof that the subject land contains unsatisfactory conditions which preclude subdivision in Newtown." (Plaintiffs' Brief, p. 26.)
The Commission argues that there is no support in the record for the plaintiffs' claim that the subdivision application does not comply with the subdivision regulations. According to the Commission, the plaintiffs' cannot cite any evidence in the record to support their claim that the property is subject to periodic flooding and poor drainage in violation of § 2.03 of the Subdivision Regulations.
In determining whether or not the application complies with the regulations, the commission members can consider facts which they learn by personal observation of the property and its surrounding area. Forest Construction Co. v. Planning and ZoningCommission, supra, 155 Conn. 675. In the present case, the Commission was familiar with the area involved. At their August 4, 1994 meeting, Mr. Roy, the Commission Vice-Chairman, who apparently had visited the site recently, reported that the "drainage is in place" and that Gopher Road "appears to be reasonably sound." (ROR, Item 30: August 4, 1994 Commission Transcript, p. 3.) The "subdivision plan was certified as to compliance with erosion and sediment control regulations contained in the Zoning Regulations of the Town of Newtown as of July 18, 1994." (ROR, Items 5: Letter of Approval.) Finally, the Commission "resolved that the application meets the criteria of the Newtown Subdivision Regulations." (Item 2: August 4, 1994 Commission Minutes, p. 4.)
In arriving at its decision, the Commission relied on the advice of the Town Engineer, the Senior Sanitarian and the Conservation Commission. (ROR, Item 29: July 21, 1994 Commission Transcript, pp. 1-2). The Commission requested the Town Engineer, the Health Director and the Conservation Director to review the French subdivision application and to submit comments. (ROR, Item CT Page 3116 11: Memorandum to Town Engineer; Item 12: Memorandum to Health Director; Item 13: Memorandum to Conservation Director.) Each reviewed the application and, while expressing some concerns, recommended its approval. (ROR, Items 8: Memorandum from Senior Sanitarian; Item 9: Memorandum from Town Engineer; Item 10: Letter from Conservation Director.) The Senior Sanitarian of the Newtown Health Department concluded that the "plan as submitted demonstrates feasible locations for the house, well, subsurface waste disposal system and oil tank meeting Public Health Code regulations." (ROR, Item 8.) The Town Engineer commented that lots #5 and #6 are adjacent lots and must be served by a common driveway, that the application does not satisfy the drainage requirements of § 2.09.1 of the Road Ordinance, and that the layout of the catch basins would have to be altered in order to achieve compliance. (ROR, Item 9.) Other than the foregoing, the Town Engineer concluded that "the plan appears to satisfy all subdivision criteria" and recommended approval. (ROR, Item 9.) Finally, the Conservation Commission approved the application with the condition that erosion and sediment controls be installed prior to construction. (ROR, Item 10.)
The Commission considered these comments and concerns in making its decision; (ROR, Item 29, pp. 1-2; Item 30, p. 1); and delayed making a decision until it could investigate the Conservation Commission's concerns further. (ROR, Item 30, pp. 1-2.) When informed that the Conservation Commission was concerned by the placement of the road in relation to the wetlands, the Commission concluded that this was not a "big lurking issue" and decided not to "second guess" the Conservation Commission's decision to approve the application. (ROR, Item 30, p. 2.) At the July 21 meeting, Mr. Deegan, the Commission Chairman, emphasized the concerns raised by the Town Engineer and concluded that "[o]ther than the above, the plans appear to satisfy all subdivision criteria" and "would recommend approval if these items were addressed." (ROR, Item 29, pp. 1-2.) The Town Engineer's concerns were ultimately incorporated into the Commission's decision as a condition of their approval of the plan, and the Commission further conditioned its approval on approval by the Town Engineer. (ROR, Item 5.) Such reliance on agencies with greater experience and competence "cannot be deemed arbitrary or unreasonable as a matter of law." Timber TrailsCorp. v. Planning Zoning Commission, 222 Conn. 380, 398,610 A.2d 620 (1992).
Furthermore, the Conservation Commission granted French a CT Page 3117 license to conduct "regulated activities" on her property. (ROR, Item 10.) In addition, the subdivision is not located entirely on wetlands, and for the most part the wetlands are in an area designated as "open space" on the Supplemental Map. (ROR, Item 26.) French also entered into an agreement with the Town of Newtown whereby she agreed to make the specific improvements to the road and/or drainage deemed necessary by the Town Engineer. (ROR, Item 15: Road and Drainage Agreement.) Finally, the record contains an "Engineering Report" which addresses the issue of drainage in the form of maps and charts. (ROR, Item 17: Engineering Report.)
"[O]n appeal the issue is whether the agency's decision on factual questions is reasonably supported by the record, in which case the court should not substitute its judgment for that of the commission." Roraback v. Planning Zoning Commission, 32 Conn. App. 409,412, 628 A.2d 1350 (1993). In the present case, the Commission considered the problem of drainage and flooding and, based on the evidence in the record, "resolved that the application meets the criteria of the Newtown Subdivision Regulations." (ROR, Item 2, p. 4.) The Commission's approval was conditioned on submission of a revised road plan in compliance with the drainage requirements of § 2.09.1 of the Road Ordinance and approved by the Town Engineer. (ROR, Item 5.) Further, the Conservation Commission required installation of erosion and sediment controls prior to construction as a condition of its approval. (ROR, Item 10.) Accordingly, the record supports the Commission's decision, and the plaintiffs' claim that the subdivision plan violates § 2.03 is without merit.
Next, the plaintiffs' contend that certain information required by § 3.01 of the Subdivision Regulations is missing from French's subdivision application. Section 3.01.400 provides that "[i]f any of the documents specified in said section 3.01 are missing it will be cause for the rejection of the application without further consideration." The plaintiffs' argue that § 3.01 requires a "Supplemental Map" containing certain information regarding the conditions on neighboring parcels for a minimum of 100 feet beyond the subdivision boundary lines, and that such information is almost completely absent from the supplemental map submitted by French. (ROR, Item 26.) In particular, the plaintiffs' claim that §§ 3.02.100, 3.02.200 and 3.03 "require a Supplemental Map to illustrate several important features on each site, such as stone walls; swamps; public or private roads; CT Page 3118 existing wells, septic systems, buildings, and structures; all watercourses, wetlands, and drainage areas; and rock outcroppings, large trees, and fences." (Plaintiffs' Brief, p. 27.) According to the plaintiffs, without all the information which its regulations deem essential, the Commission abused its discretion in approving the French application.
The Commission argues that the "Supplemental Map" submitted by French (ROR, Item 26, 2d and 3rd Map) satisfies all the requirements of § 3.02 and 3.03 of the Subdivision Regulations, and depicts and illustrates, among other things, stone walls, wetlands, roads, proposed septic tanks, wells and drainage, tree lines and contours. (Commission's Brief, p. 14.)
Despite the plaintiffs' claim that the maps submitted by French with her application were deficient in several respects, the Commission reviewed the maps and found that "[t]he maps have been certified as to compliance with the Erosion and Sediment Control Regulations." (ROR, Item 2, p. 4; Item 3, p. 6.) In addition, it appears, as the defendants' argue, that the supplemental maps depict the requisite conditions at least 100 feet beyond the boundary of the subdivision. (See ROR, Item 26, 2d and 3d maps.) The court is not permitted to substitute its judgment for that of the Commission's. Connecticut ResourcesRecovery Auth. v. Planning Zoning Commission, supra, 225 Conn. 744. Accordingly, the record supports the Commission's contention that the maps comply with § 3.01.
Finally, the plaintiffs' contend that Subdivision Regulations § 4.01.400 prohibits "permanent or temporary dead-end streets or a series of dead-end streets intersecting with each other" from providing "sole access to an existing street for more than fifteen dwellings total." According to the plaintiffs, the proposed road, Shadow Ridge Circle, is an extension of Gopher Road, itself a dead-end street. The plaintiffs claim that the record contains no indication of the number of dwellings on Gopher Road, so the Commission had no evidence on which to find compliance with § 4.01.400. Had neighbors been allowed to comment, the plaintiffs argue that the Commission may have found evidence of noncompliance.
The Commission argues that because there is no evidence in the record that Gopher Road is a dead-end street as defined by the Subdivision Regulations or that Gopher Road provides access to more than eight dwellings, the Commission did not act CT Page 3119 arbitrarily or in abuse of discretion in failing to deny the application based on speculation that Gopher Road might serve more than eight dwellings and therefore violate § 4.01 of the Subdivision Regulations.
Section 4.01 of the Newtown Subdivision Regulations refers to "Proposed Streets." Shadow Ridge Circle, the proposed street in the present application, "is a street the end of which is blocked from further extension by lots within the proposed subdivision," and is thus a "permanent dead-end street" as defined by § 4.01.410. Gopher Road, which intersects with Shadow Ridge Circle on the Subdivision Map; (ROR, Item 26); is an existing town road; (ROR, Item 6: Memorandum from Town Engineer); and, therefore, is covered by another section, § 4.02, of the Subdivision Regulations, entitled "Existing Streets."
Section 4.01.430 requires permanent dead-end streets to provide sole access to a minimum of four lots. Section 4.01.440 prohibits permanent or temporary dead-end streets or a series of dead-end streets intersecting with each other from providing sole access to an existing street for more than 15 dwellings total. Shadow Ridge Circle would provide access to a total of seven lots; (ROR, Item 23); and, therefore, the proposed street complies with both of the above sections. Furthermore, § 4.01, which is entitled "Proposed Streets," applies only to proposed streets within a subdivision plan and does not apply to existing town roads outside the subdivision. Existing streets are covered by § 4.02 of the Subdivision Regulations. Because Gopher Road is an existing street rather than a proposed street within the subdivision plan, Gopher Road does not, as the defendants' claim, fit the definition of a "permanent or temporary dead-end street"; therefore, the number of dwellings on Gopher Road is irrelevant to the determination of whether Shadow Ridge Circle, a proposed street within the subdivision plan, complies with § 4.01.440. See Reed v. Planning ZoningCommission, supra, 208 Conn. 433-38 (denial of subdivision application because existing town road was inadequate to provide safe access to subdivision was improper; existing town roads not addressed in these sections). since the record supports the conclusion that the subdivision plan does not violate § 4.01.440, it cannot be said that the Commission acted illegally, arbitrarily or in abuse of its discretion in concluding that the subdivision application complies with the Subdivision Regulations. CT Page 3120
Upon careful review of the record, the court finds that the evidence supports the Commission's approval of the subdivision application. The plaintiffs have failed to satisfy their burden of proving that the Commission acted illegally, arbitrarily or in abuse of its discretion. Accordingly, the plaintiffs' appeal is dismissed.
Leheny, J.