[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
Plaintiff Patricia McManus is the owner of a tract of land in the Town of Wallingford, Connecticut, where she lives with her husband, the plaintiff, Vincent T. McManus, Jr. Said tract is approximately thirty acres, the majority of which is used for farming purposes. In the spring of 1987, the plaintiffs constructed a farm pond as of right pursuant to Conn. General Statutes 22a-40 (a) and 22a-38 (13).
On or about May 4, 1987, the Commissioner of the State CT Page 888 Department of Environmental Protection ("DEP") instituted a civil action against plaintiff Patricia McManus in the Judicial District of Hartford concerning the maintenance of a farm pond on her property. This civil action was brought pursuant to the Commissioner's power under Conn. General Statutes 22a-44 (b) and the Department of Environmental Protection's Regulation 22a-30-14 (B)(d)(1). (Docket No. CV 87 0332007 S). In said action the Commissioner claimed that the soils removed from the wetland for the creation of the pond were deposited in a wetland area without the requisite permit required by Conn. General Statutes 22a-42a. On or about March 6, 1990, after almost three years of extensive pleadings, discovery (including numerous depositions) and legal arguments, and after the case was claimed to the trial list, the Department of Environmental Protection elected to withdraw without prejudice its civil action. The very same day the civil action was withdrawn, the Department of Environmental Protection issued an order directing the plaintiffs to remove all unauthorized fill placed in the wetland without benefit of a permit. The action directed in this order is virtually identical to the Department of Environmental Protection's prayer for relief in the civil action withdrawn by it on March 6, 1990.
The plaintiffs have been forced to expend great amounts of money and time in the defense of the civil action instituted by the DEP. During the prosecution of the civil action by the DEP, 56 pleadings were filed, four depositions were taken, and several motions were briefed and argued. In addition to the substantial time spent by the plaintiff, Attorney Vincent T. McManus, and by lawyers in his office, the plaintiffs paid in excess of $13,000 in legal fees to defend the DEP's lawsuit.
It is the Order of March 1990 which is the subject matter of this action. The plaintiff has filed a civil action seeking a temporary and permanent injunction prohibiting the defendant from enforcing its order and for declaratory judgment relief interpreting the term "farm pond". The plaintiffs have sought, and there is scheduled in September of 1990, a hearing before the Department of Environmental Protection concerning that order. The court, Mulvey, State Trial Referee, on July 23, 1990 denied the request for temporary injunction because the plaintiffs had asked for said hearing. The defendant has moved to dismiss the complaint because the Superior Court lacks jurisdiction to hear this matter because the plaintiff has failed to exhaust his available administrative remedy.
LAW
The case of Laurel Bank Inc. v. PAC, 194 Conn. 677 (1984), sets forth the law concerning exhaustion of administrative remedies in these clear terms: CT Page 889
 "We have frequently stated that when a party has a statutory right to appeal from the decision of an administrative agency, he may not, instead of appealing, bring an independent action to test the very issue which the appeal was designed to test."
In this case, the Commissioner has scheduled a hearing on its order of March 6, 1990, at the plaintiffs' request, and the defendant has conceded in its brief that the administrative proceedings constitute a "contested case" within the meaning of the U.A.P.A. from which an appeal may be had to the Superior Court.
Most recently the Connecticut Supreme Court in the case of Cannata v. Department of Environmental Protection, 215 Conn. 616
(1990), reaffirmed its earlier decisions concerning exhaustion. That case, though factually different from this case, did deal with the question of the Commissioner's jurisdiction over the plaintiff's proposed use of its land. In this case in their claim for declaratory relief, the plaintiffs maintain that their farm pond was a permitted use of their property and therefore the defendant had no jurisdiction over the matter. As was stated in Cannata, supra, "judicial intervention, before the Commissioner has finally determined whether she has jurisdiction over the plaintiffs' proposed use of their land, is unwarranted because of the availability of an adequate administrative remedy and the failure of the plaintiffs to demonstrate that they will suffer any substantial harm if they are required to exhaust this remedy."
From the exhaustion doctrine, there are certain limited exceptions that may be considered: 1) when the constitutional propriety of an agency ruling is raised, Connecticut Light Power Co. v. Norwalk, 179 Conn. 111, 117 (1978); 2) when the relief sought and the issues raised are distinctly equitable, Bianco v. Darien, 157 Conn. 548, 554 (1969); 3) when the validity of the regulations on the appropriateness of jurisdiction is challenged by way of a declaratory judgment action, Aaron v. Conservation Commission, 178 Conn. 173, 179 (1979); and 4) when the remedies available pursuant to the statutory route of appeal are either futile or inadequate, Kosinski v. Lawlor, 177 Conn. 420, 425
(1979).
In reviewing the complaint in this case, the court will deal first with the Second Count asking for declaratory relief concerning the legality, authority and jurisdiction of the Commissioner to issue the order in dispute. Those issues can clearly be considered and raised in the administrative hearing scheduled in September and thereafter raised in an appeal from CT Page 890 that decision if the plaintiffs are dissatisfied with the result of the hearing. The Second Count is therefore dismissed. Additionally, the plaintiff has always had the opportunity to seek a declaratory ruling from the Commissioner under Conn. General Statutes 4-175 and 4-176 which it has failed to do. The court finds none of the exceptions to the exhaustion doctrine applicable to the Second Count.
The First Count of the complaint is more difficult. The situation in this case is different from that in Cannata. There, the plaintiffs noticed their intention to take certain action they thought was authorized by the regulations without a permit, and the Commissioner maintained that a permit was necessary. Here the plaintiffs have already built their pond and the Commissioner is essentially ordering that they remove any of the deposits of soil they placed onto the wetland that was removed from the pond area.
Confronted with that situation, the Commissioner basically had two options in 1987: 1) to proceed under Conn. General Statutes 22a-44 (a) with an order of abatement, or 2) to bring an action for an injunction and damages under Conn. General Statutes22a-44 (b). She chose the latter remedy, instituted that action in 1987, and withdrew it on March 6, 1990. On the same day she issued an order of abatement under Conn. General Statutes 22a-44
(a), which is the subject of this action. The plaintiffs, among other things, claim that this action in light of what had previously transpired, violated their due process rights, was not now maintainable by the Commissioner because she originally chose the injunctive remedy under 22a-44 (b), and if a hearing was held now on the Commissioner's order, the issue has been predetermined and therefore the hearing a futility. These points they argue are reasons to depart from the exhaustion doctrine.
With reference to the due process or constitutional claim, we are not dealing here with a failure to provide a hearing or some other procedural right that was denied the plaintiffs. Apparently their claim relates to the fact that they have expended large sums of money for counsel fees in a case that has now been withdrawn. Unfortunately if that case had not been withdrawn the plaintiffs would have continued to expend money for counsel fees in that case. Their due process claim is vague and general and they have not demonstrated that they will suffer any substantial loss if they are required to exhaust the administrative remedy. It might even happen that the case will be resolved quicker and with less expense within the administrative setting.
With reference to the futility or inadequacy of the administrative remedy argument, the remedy is only futile or inadequate if the agency is without the authority to grant the requested relief. Greenwich v. Liquor Control Commission, 191 Conn. 528
CT Page 891 541-2 (1983). That is simply not the case here. The fact that the plaintiffs may lose the next round of their battle is simply not enough.
The plaintiffs then argue that because the Commissioner proceeded under 22a-44 (b) initially and then withdrew the action, that she cannot now proceed under the administrative remedy under22a-44 (a). They cite no authority for that proposition, but there may be some merit to that claim. Conn. General Statutes22a-444 (a) specifically states that proceeding under that section will not preclude the Commissioner from also proceeding under22a-44 (b). There is no similar language within 22a-44 (b). Unfortunately this question of jurisdiction can be raised in the upcoming administrative hearing and under the holding of Cannata v. D.E.P., supra, that question should initially be decided by the Commissioner. None of the other exceptions to the exhaustion doctrine are applicable.
Therefore with great reluctance, the court will also grant the Motion to Dismiss the First Count, reluctance because the path and history of this case is troubling. As the plaintiffs claim, the subject matter of this case has now been in litigation for three years. The Commissioner initiated an injunctive action against the plaintiffs in the Superior Court in 1987, which has been heavily litigated, and which has generated 56 pleadings, several contested motions and 4 depositions. Without warning, the Commissioner withdrew that action on March 6, 1990 and began an administrative proceeding by issuing an order that was clearly available in 1987. The court at the hearing on this motion inquired of counsel for the Commissioner as to the possible motive for such an unusual step. The answer provided was at best disingenuous and at worst dishonest.
The reason given was that the Commissioner could not get the case determined in the Superior Court and that access to the administrative remedy would be quicker. To the extent that such a reason is accurate, it was as true in 1987 when the defendant made its choice of forums. The plaintiffs herein have expended large sums of money, time and effort in defending a case initiated by the state which has now been withdrawn, and the Commissioner and its attorney, the Office of the Attorney General, have similarly, in hard economic times, wasted the taxpayers' time, effort and money in pursuing a case for three years and then withdrawing it. The parties are now back to square one with nothing resolved. This court observed at the hearing on this motion that it could have resolved the underlying issues in this case in half the time that it has spent in resolving this motion. From such a state of affairs, there are no winners.
JOSEPH T. GORMLEY, Judge.
CT Page 892