The third party plaintiff, the water pollution control authority of the town of Suffield, moves for summary judgment on its cross complaint seeking foreclosure of its sewer assessment and user liens.
The facts are as follows: This action was started by the town of Suffield (town) to foreclose its tax liens recorded against the property of the defendants Franklyn H. Carrington and Carolyn R. Carrington (Carringtons). The water pollution control authority was made a defendant by virtue of its sewer assessment and user liens recorded against the Carringtons. When the town and the Carringtons agreed to settle their tax dispute, the water pollution control authority filed a cross complaint to foreclose its liens. The town's tax foreclosure action has been withdrawn, but the water pollution *Page 229 
control authority's cross complaint remains to be resolved.
The Carringtons acquired title to property at 827 North Street, Suffield, in November, 1978. On the property are a main house, cabana and guest house. In July, 1991, the water pollution control authority assessed the Carringtons' property at the sum of $10,000 for acquisition and construction of a sewer system, pursuant to General Statutes § 7-249, duly published and notified the Carringtons of the assessment and caused a certificate of liens to be recorded on the town land records. The annual installments on this assessment from 1991 to 1998 total $8332.97, and with accrued interest, penalties and lien fees total $15,608.33. Starting in 1992, the water pollution control authority assessed the Carringtons' property annually for sewer use fees pursuant to General Statutes § 7-255 and caused certificates of liens to be recorded on the town land records. These sewer use fees from 1992 to 1998 total $2480, which with accrued interest, penalties and lien fees total $4704.44. The Carringtons have neither paid these annual installments and fees nor appealed from these assessment.
After the sewer line was built, the Carringtons connected the cabana and guest house on their property to the line that runs roughly parallel with their property's northern boundary. When the Carringtons attempted to connect their main house to the line, they discovered that their neighbors, Len Javnik and Mary Javnik (Javniks), claimed ownership of a strip of land between the Carringtons' property and the sewer line and prevented the connection. The Carringtons can, however, connect the main house to the sewer line over their land at a more distant point further distant than the spot they hoped to. The boundary between the Carringtons and the Javniks is the subject of a quiet title action presently pending in this court. The Carringtons conceded at the *Page 230 
argument of this motion that the water pollution control authority has a right to prevail on the foreclosure of the lien for unpaid sewer user charges but contest the water pollution control authority's right to foreclose the sewer construction assessment liens.
General Statutes § 7-250 provides that any person aggrieved by an assessment may appeal it within twenty-one days after publication and mailing of the assessment to the property owner. This appeal is the landowner's sole remedy. As stated by our Supreme Court in Connecticut Light Power Co. v. Norwich,179 Conn. 111, 117, 425 A.2d 576 (1979), "[t]he failure to follow the route of direct appeal, no matter how inadvertent, forecloses collateral inquiry into the factfinding by the administrative agency."
The Carringtons assert that they did not learn of the opposition by the Javniks to their connecting to the sewer line at the point they wanted until the time to appeal the assessment had elapsed. The clear, undisputed facts are that they had access to the sewer over their land. They connected two structures on their property to the sewer. The fact that they have to go a longer distance over their property to make the connection from the main house does not excuse them from appealing within the statutory period.
Section 7-249 provides in relevant part: "At any time after a municipality, by its water pollution control authority, has acquired or constructed, a sewerage system . . . the water pollution control authority may levy benefit assessments upon the lands and buildings in the municipality which, in its judgment, are especially benefited thereby, whether they abut on such sewerage system or not, and upon the owners of such land and buildings . . . subject to the right of appeal as hereinafter provided. . . . No assessment shall be made *Page 231 
against any property in excess of the special benefit to accrue to such property. . . ."
The Carringtons in their answer deny that their property has received benefits from the sewer system and dispute their liability for the assessment. In their affidavit opposing this motion they assert that another landowner blocks their access to the sewer line. What the Carringtons mean, however, is that they cannot connect their main house to the sewer line by the shortest route over their land.
Moreover, connection is not the criterion. As stated inShoreline Care Ltd. Partnership v. North Branford, 231 Conn. 344,351-52, 650 A.2d 142 (1994), "[i]ndeed, a property need not be connected to the system in order for it to receive a benefit." Rather, the special benefit referred to in § 7-249 is an increase in market value of the property as a consequence of the sewer. As stated in Shoreline Care Ltd. Partnership, "[i]f the property has increased in market value merely by virtue of its access to town sewers, it has received a benefit for which an assessment may be levied." Id., 352.
Our law recognizes a presumption as to the "regularity, validity and correctness" of a special benefit assessment that "imposes on one challenging the assessment the burden of proof."Tower Business Park Associates No. One Ltd. Partnership v. WaterPollution Control Authority, 213 Conn. 112, 117, 566 A.2d 696
(1989). "An appellant may overcome this presumption by introducing competent evidence that the assessment is greater than the increase in the market value of the property due to the improvement." Katz v. West Hartford, 191 Conn. 594, 602-603,469 A.2d 410 (1983).
Here, the Carringtons have proffered no evidence on that issue. Thus, they have failed to show the lack of a special benefit. *Page 232 
In Shoreline Care Ltd. Partnership v. North Branford, supra,231 Conn. 344, the landowner offered evidence that the town incurred no cost for a sewer line, but no evidence that its property had not appreciated as a result of the sewer lines. The court held that the landowner failed "to rebut the presumption of validity that attaches to municipal benefit assessments." Id., 354. To the same effect is Tower Business Park Associates No. OneLtd. Partnership v. Water Pollution Control Authority, supra,213 Conn. 120.
The cross plaintiff water pollution control authority has established that there is no material issue of fact and that it is entitled to prevail as a matter of law. As a consequence, the motion for summary judgment is granted as to liability only.