[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE OF DEFENDANTS FRIEDLAENDERS (#109)
I. FACTUAL AND PROCEDURAL HISTORY
The plaintiff, Kristine Pinchbeck, brings this action for a declaratory judgment pursuant to General Statutes § 4-175 against CT Page 13172 the defendants Department of Public Health (DPH), DPH Commissioner Stephen A. Harriman, and Gary Friedlaender and Linda Friedlaender. The plaintiff's action relates to administrative proceedings initiated when the Friedlaenders submitted to the local (town) director of health, not a party to this action, an application for approval of a proposed subsurface sewage disposal system.
The plaintiff owns real property abutting the real property of the Friedlaenders in Guilford, CT. The Friedlaenders wish to add a second and third story to their existing one story structure. In accordance with regulations promulgated by the DPH, the Friedlaenders were required to submit to the local director of health an application for approval of a proposed subsurface sewage disposal system which, after the building addition, would comply with the Public Health Code.
On or about January 8, 1998, the local director of health submitted the Friedlaenders' proposed plan to the DPH for review for compliance with the Public Health Code. On May 11, 1998, Arthur J. Castellazzo, Senior Sanitary Engineer for the DPH, recommended approval of the Friedlaenders' proposed plan with certain modifications.
On or about June 5, 1998, the plaintiff, pursuant to General Statutes § 4-176,[1] petitioned the DPH for a declaratory ruling requesting intervenor status in the process of reviewing the Friedlaenders' proposed plan and challenging the validity of Castellazzo's recommendation of approval with modifications. The Commissioner of the DPH, Stephen A. Harriman, by letter dated August 3, 1998, denied the plaintiff's request for a declaratory ruling and furthermore denied her request for intervenor status.[2] The August 3, 1998 letter failed to state the specific reasons for the DPH's denial of the plaintiff's petition for a declaratory ruling. The Commissioner, however, in apparent recognition of this omission, sent a second letter dated October 29, 1998, to the plaintiff listing the reasons for the denial, which included the reason that "there is no right to a hearing or to an appeal and no right to intervenor status when the Department reviews a subsurface sewage disposal system application for a local health department."
The plaintiff then initiated the present action pursuant to General Statutes § 4-175[3] seeking a declaration of her rights with respect to her intervenor status and a declaration that the CT Page 13173 DPH's recommendation of approval with modifications is invalid. All defendants have joined in a motion to strike the plaintiff's action on various grounds.
Before ruling on the motion to strike, however, the court sua sponte considers the issue of whether it has subject matter jurisdiction over the present action.[4] See Ann Howard'sApricots Restaurant, Inc. v. Commission on Human Rights andOpportunities, 237 Conn. 209, 219, 676 A.2d 844 (1996);Glastonbury Volunteer Ambulance Assn., Inc. v. Freedom ofInformation Commission, 227 Conn. 848, 851, 633 A.2d 305 (1993). The court determines that the plaintiff lacks standing to request a declaratory judgment under § 4-175. This deprives the court of subject matter jurisdiction and requires dismissal of this action. See Tomlinson v. Board of Education, 226 Conn. 704,717-18, 629 A.2d 333 (1993).
II. DISCUSSION
Fairly read from the plaintiff's complaint and from the way the present motion was briefed and argued the plaintiff's action may be construed as seeking a declaratory judgment that: (1) the plaintiff has a right to intervene in the DPH's review of the proposed system for compliance with public health regulations; (2) the DPH's August 3, 1998 decision is invalid because of the agency's failure to state its reasons for denying the plaintiff's petition for a declaratory ruling; (3) the DPH's May 11, 1998 decision recommending approval with modifications is erroneous and illegal and therefore invalid; and (4) the proposed subsurface sewage disposal system violates existing public health regulations.
"It is a basic principle of our law . . . that the [plaintiff] must have standing in order for a court to have jurisdiction to render a declaratory judgment." (Internal quotation marks omitted.) Connecticut Assn. of Health CareFacilities, Inc. v. Worrell, 199 Conn. 609, 613, 508 A.2d 743
(1986). "Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented. . . . Thus, standing does not hinge on whether the plaintiff will ultimately CT Page 13174 be entitled to obtain relief on the merits of an action, but onwhether he is entitled to seek the relief." (Emphasis added; internal quotation marks omitted.) Lewis v. Swan,49 Conn. App. 669, 675, 716 A.2d 127 (1998); see also Gay Lesbian LawStudents Assn. v. Board of Trustees, 236 Conn. 453, 463,673 A.2d 484 (1996). "[W]here a statute or court rule sets prerequisites to suit by a particular plaintiff, a plaintiff not meeting the statutory criteria lacks standing and the court is said to lack jurisdiction over the case." Novicki v. New Haven,47 Conn. App. 734, 739, 709 A.2d 2 (1998), citingMystic Marinelife Aquarium, Inc. v. Gill, 175 Conn. 483, 492-93,400 A.2d 726 (1980); see also Commissioner of Public Works v.Middletown, 53 Conn. App. 438, 442, ___ A.2d ___ (1999);Gill v. Diorio, 51 Conn. App. 140, 145, 720 A.2d 526
(1998). "`Standing is establish by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved.' Steeneckv. University of Bridgeport, 235 Conn. 572, 579, 668 A.2d 688
(1995)." Commissioner of Public Works v. Middletown, supra;Gill v. Diorio, supra.
The plaintiff's action is expressly brought pursuant to 4-175. The issue then is whether the plaintiff is entitled to seek the relief authorized by the statute. Standing is not conferred upon a plaintiff merely by virtue of the fact that the complaint recites the provisions of the statute under which it is brought. See Lewis v. Planning Zoning Commission,49 Conn. App. 684, 692, 717 A.2d 246 (1998); see also Mystic MarinelifeAquarium, Inc. v. Gill, supra, 175 Conn. 502. Rather, a complaint brought pursuant to § 4-175 must set forth facts to support an inference that "a provision of the general statutes, a regulation
or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. . . ." (Emphasis added.) General Statutes § 4-175 (a). In the absence of compliance with the authorizing statute, the plaintiff lacks standing. See Gill v. Diorio, supra, 146.
The complaint in the present action is devoid of any allegation that any statute, regulation or final decision of the agency, or its threatened application, has interfered with or impaired, or threatens to interfere with or impair, the legal rights of the plaintiff. As to the first issue, the plaintiff fails to allege any statutory or regulatory basis, nor can one be found, pursuant to which she purportedly has such a right to intervene and of which the DPH's improper application interfered CT Page 13175 with or impaired, or threatens to interfere with or impair her rights. The plaintiff's claim in this case concerning her right to participate in the administrative decision-making processbefore the local director of health issues a final decision regarding the Friedlaenders' application for approval is analogous to the claim made by the defendant in Connecticut Light Power Co. v. Norwalk, 179 Conn. 111, 118, 425 A.2d 576 (1979). The defendant in that case challenged a decision of the commissioner of environmental protection granting a certificate of tax exemption to the plaintiff, asserting a right to participate in a hearing before the commissioner decides whether to grant a certificate. Id. The court held that, although "judicial review after the fact of administrative action is not fully equivalent to prior participation in the process of administrative decision-making"; id., 120; "[t]here is however no universal right to be heard in any and all administrative proceedings"; id., 118. Thus, where, as in this case, an aggrieved party is afforded a subsequent opportunity' for judicial review, "[a]n administrative decision that calls primarily for fact-finding, especially where that fact-finding requires technical or professional expertise, may appropriately depend upon inspection, examination, or testing, rather than upon an adversary hearing." Id., 119.
With regard to the second issue, the DPH's decision of August 3, 1998, denying the plaintiff's petition for a declaratory ruling does not constitute a statute, regulation or final decision. The term "final decision" is defined by § 4-166 (3) to mean "(A) the agency determination in a contested case, (B) a declaratory ruling issued by an agency pursuant to section 4-176
or (C) an agency determination made after reconsideration." The plaintiff does not dispute that the definitions contained in subsections (A) and (C) are inapplicable in this instance but argues that the agency's decision not to issue a declaratory ruling is itself a declaratory ruling for purposes of constituting a "final decision" which interfered with or impaired the plaintiff's rights and which may provide the basis for an action brought pursuant to § 4-175.
The court disagrees, finding persuasive the reasoning of the several cases that have held to the contrary. See, e.g., Book v.Burnham, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 573440 (January 6, 1998,DiPentima, J.); New Milford v. Commissioner of EnvironmentalProtection, Superior Court, judicial district of Hartford-New CT Page 13176 Britain at Hartford, Docket No. 547864 (September 19, 1995,Maloney, J.); Arawana Mills Co. v. Commissioner of EnvironmentalProtection, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 528278 (January 4, 1994, Maloney,J.). These cases hold that an agency's decision not to issue a declaratory judgment under § 4-176 (e)(5) does not constitute a "final decision" as defined by § 4-166 (3) which may be appealed to the Superior Court pursuant to § 4-183.[5] Moreover, the remedy provided by § 4-175 of seeking a declaratory judgment does not contemplate using the agency's decision not to issue a declaratory ruling as a basis for a declaratory action, i.e. to effectually appeal such decision or challenge the reasons therefor, but rather as a prerequisite to seeking a declaratory judgment concerning the statute, regulation or final decision in question. See General Statutes § 4-175 (a).[6]
Similarly, with regard to the third issue, the recommendation of approval with modifications of the Friedlaenders' proposed subsurface sewage disposal system rendered by the DPH's sanitary engineer on May 11, 1998, is not a statute or regulation which has interfered with or impaired, or threatens to interfere with or impair, the plaintiff's rights. Nor does it fall within any of the definitions of "final decision" enumerated in § 4-166. The recommendation was not "an agency determination in a contested case,"[7] "a declaratory ruling issued pursuant to section4-176," or "an agency decision made after reconsideration." General Statutes § 4-166 (3).[8]
Finally, with regard to the fourth issue raised in the plaintiff's complaint, § 4-175 confers no standing upon a plaintiff to directly challenge in the Superior Court a neighbor's proposed subsurface sewage disposal system for alleged noncompliance with public health regulations. Such a proposal is not a statute, regulation or final decision which has interfered with or impaired, or threatens to interfere with or impair, the rights of the plaintiff.
Moreover, the issue of whether the Friedlaenders' proposed subsurface sewage disposal system complies with the Public Health Code is one of the very issues that the legislature has determined should be handled in the first instance at the administrative level. See General Statutes § 19a-1a et seq. (establishing powers and duties of Department of Public Health) and § 19a-200 et seq. (establishing powers and duties of local directors of health). Sections 19-13-B100a and 19-13-B103a CT Page 13177 through 19-13-B103e of the Regulations of Connecticut State Agencies in particular prescribe the procedures and conditions for the issuance of permits and approvals in connection with subsurface sewage disposal systems. These provisions establish a comprehensive system of site inspection, examination, observation and testing to be conducted by the local director of health before the issuance of approval. With few exceptions, the approval process is conducted solely at the local level, unless the local director of health requests review from the commissioner. See, e.g., Regs., Conn. State Agencies § 19-13-B103e (e)(4). General Statutes § 19a-36 (b) also provides that the Commissioner of Public Health may review small and large flow plans for subsurface sewage disposal for a fee.
Section 19-13-B103e provides that "[e]very plan for a subsurface sewage disposal system shall be submitted to the local director of health" and that "[n]o subsurface sewage disposal system shall be constructed, altered, repaired or extended without an approval to construct . . . issued and administered by the local director of health." The regulation further provides that "[a]ny final derision of the local director of Health . . . shall be made in writing" and "[s]uch written decision shall be deemed equivalent to an order, and may be appealed pursuant to Section [19a-229] of the General Statutes." Regs., Conn. State Agencies § 19-13-B103e (k)(3); see also Regs., Conn. State Agencies § 19-13-B100a (f) (final decision of local director of health deemed equivalent to an order and may be appealed pursuant to General Statutes § 19a-229).
Moreover, General Statutes § 19a-229 provides: "Any person aggrieved by an order issued by a town, city or borough director of health may, within forty-eight hours after the making of such order, appeal to the Commissioner of Public Health, who shall thereupon immediately notify the authority from whose order the appeal was taken, and examine into the merits of such case, and may vacate, modify or affirm such order." The DPH's Rules of Practice, §§ 19a-9-1 to 19a-9-29 of the Regulations of Connecticut State Agencies, further provide that "[a]n appeal from an order issued by a [local] director of health shall be a de novo proceeding conducted in accordance with the regulations governing contested cases. . . ." Regs., Conn. State Agencies § 19a-9-14.
It is significant that the local director of health has yet to issue an order of approval of the Friedlaenders' proposed CT Page 13178 system. Thus, the court notes that dismissal of the plaintiffs present § 4-175 declaratory judgment action does not leave plaintiff without a remedy to challenge the local director of health's order of approval if and when issued, assuming, of course, the plaintiff establishes that she is aggrieved by it. "If a party chooses to challenge an order issued by the director of health, the party must appeal to the [Commissioner of Public Health] pursuant to [General Statutes § 19a-229 and § 19a-9-14] of the state regulations. A party aggrieved by the agency's decision may then appeal to the Superior Court" pursuant to §4-183. Haddam v. LaPointe, 42 Conn. App. 631, 634-35,680 A.2d 1010 (1996).
"It is well established that a party must exhaust all administrative remedies before that party may ask a court to rule on the very issues that the administrative process was meant to test. Pet v. Dept. of Health Services, 207 Conn. 346, 351-52,542 A.2d 672 (1988); see also Greater Bridgeport Transit District v.Local Union 1336, 211 Conn. 436, 438, 559 A.2d 1113 (1989). The exhaustion doctrine `reflects the legislative intent that such issues be handled in the first instance by local administrative officials in order to provide aggrieved persons with full and adequate administrative relief, and to give the reviewing court the benefit of the local board's judgment.' Greenwich v.Kristoff, 180 Conn. 575, 578, 430 A.2d 1294 (1980). It also `relieves courts of the burden of prematurely deciding questions that, entrusted to an agency, may receive a satisfactory administrative disposition and avoid the need for judicial review.' Owner-Operators Independent Drivers Assn. of American v.State, 209 Conn. 679, 692, 553 A.2d 1104 (1989). "`[F]requent and deliberate flouting of administrative processes could weaken the effectiveness of an agency by encouraging people to ignore its procedures.'" Cannata v. Dept. of Environmental Protection,215 Conn. 616, 625, 577 A.2d 1017 (1990), quoting McKart v. UnitedStates, 395 U.S. 185, 194-95, 89 S.Ct. 1657, 23 L.Ed.2d 194
(1969)." Haddam v. LaPointe, supra, 42 Conn. App. 636.
To allow the plaintiff to circumvent the administrative process and seek, under the guise of a declaratory judgment action pursuant to § 4-175, an independent determination from this court whether the Friedlaenders' proposed system complies with the Public Health Code "would mean that a person who ignores the available administrative remedies could have the Superior Court act as an administrative fact finder in the first instance, whereas a person who exhausts the administrative remedies, to no CT Page 13179 avail, would be entitled in the Superior Court to only a deferential record review of the agency's actions." Haddam v.LaPointe, supra, 42 Conn. App. 638. Moreover, it is entirely within the realm of conceivable outcomes that the local director of health may deny approval of the Friedlaenders' proposed system, or grant it with modifications protective of, and sensitive to, the plaintiff's rights. Such decision may be sufficiently favorable to the plaintiff, to avoid the need for judicial review. These possible outcomes clearly highlight the prematurity of a present determination by the court regarding these issues.
 CONCLUSION
I therefore conclude that because the plaintiff fails to allege facts that set forth an inference that "a provision of the general statutes, a regulation or a final decision, or its threatened application, interferes with or impairs, or threatens to interfere with or impair, [her] legal rights or privileges," she lacks standing to seek a declaratory judgment pursuant to §4-175. The plaintiff's action is dismissed.
Teller, J.