[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 5, 1996, the plaintiffs, Robert G. Tracey, Claudette Walker and Delworth Atkins, filed a six-count complaint against the defendants, the city of New Haven, Clarence Phillips, individually, and as the building official for the city, Frank Alvarado, individually, and as director of the office of building inspection and enforcement for the city, Robert Cleto, individually, and as a demolition officer of the city, and Anthony Pereira, d/b/a Pereira and Sons Construction. In their complaint, the plaintiffs allege the following facts. Tracey and Walker own real property known as 280-282 Huntington Street, New Haven, Connecticut (the property). Atkins was co-signatory of a mortgage on the property. On November 18, 1993, the building located at the property was damaged by fire. The building was subsequently demolished by Pereira and Sons Construction, acting as an agent of the city.
In count one of the complaint, the plaintiffs allege that the demolition was unnecessary because the building's foundation, first floor, driveway and utility hookups were in satisfactory and usable condition. The plaintiffs allege that the demolition resulted in the property being partially taken without due process of law and without just compensation in violation of the fifth and fourteenth amendments to the United States constitution, as well as in violation of42 U.S.C. § 1983. In count two, the plaintiffs allege that the city is liable to them, pursuant to General Statutes § 7-465, for the conduct of its employees, servants and agents in demolishing the building. In count three, the plaintiffs allege that the defendants' conduct was negligent and careless, and in count four, the plaintiffs allege that the defendants' conduct was wanton and reckless. In count five, the plaintiffs allege that the defendants' conduct resulted in the CT Page 13232 negligent infliction of emotional distress. In count six, the plaintiffs allege that the defendants' conduct resulted in the intentional infliction of emotional distress.
On March 20, 1996, the city, Phillips, Alvarado and Cleto filed their answer. On October 4, 1996, the plaintiffs withdrew their claims against Anthony Pereira, d/b/a Pereira and Sons Construction. On March 7, 2000, the city, Phillips, Alvarado and Cleto filed a request for leave to amend their answer, which request was unopposed by the plaintiffs. In their revised answer, the defendants asserted twelve special defenses. On April 17, 2000, the defendant, Alvarado, entered a separate appearance from the other defendants. On April 18, 2000, the city, Phillips and Cleto filed their motion for summary judgment.[1] On July 24, 2000, the plaintiffs filed a memorandum in reply to the defendants' motion,[2] and on July 25, 2000, the city, Phillips and Cleto filed a reply to the plaintiffs' memorandum.
"Practice Book § 384 [now § 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . ." (Citations omitted; internal quotation marks omitted.) Appleton v. Board of Education, 254 Conn. 205, 209, 757 A.2d 1059
(2000).
The city, Phillips and Cleto move for summary judgment on the ground that there is no genuine issue as to any material fact and that the defendants are entitled to judgment as a matter of law. Specifically, the defendants move for summary judgment on the basis that the defendants are governmentally immune from liability for the acts/omissions alleged by the plaintiffs; the demolition of the plaintiffs' building was necessary and reasonable, therefore, it was not wanton and reckless; the plaintiffs received proper notice that the building was unsafe and was in danger of collapse; the plaintiffs failed to comply with the Unsafe Notice and Order to Demolish (Notice); the plaintiffs are not entitled to compensation for the diminution in the value of their property resulting from the demolition because the demolition was done pursuant to the city's police power in the promulgation of public health, safety, morality and welfare; the plaintiffs' due process claims fail because the CT Page 13233 demolition was undertaken as an emergency measure pursuant to Connecticut's Basic Building Code (BOCA); the individual defendants are municipal officers and, as such, are shielded from liability in their individual capacities based on qualified immunity; the plaintiffs failed to appeal the order of the building official to the Superior Court in accordance with General Statutes § 29-405[3]; the plaintiffs' claims of emotional distress must fail because the defendants' alleged conduct fails to rise to the level necessary to support such claims; and the plaintiffs' claims about the foundation of their building are without merit because the defendants acted in accordance with General Statutes § 29-413.[4]
In their memorandum in reply to the defendants' motion, the plaintiffs agree that summary judgment may enter on count three of the complaint, in which the plaintiffs allege that the defendants' conduct was negligent and careless, and on count five, in which the plaintiffs allege that the defendants' conduct resulted in the negligent infliction of emotional distress. Accordingly, the defendants' motion for summary judgment is granted on counts three and five of the complaint. The remaining counts of the complaint, therefore, are count one, alleging that the demolition resulted in the property being partially taken without due process of law and without just compensation in violation of the fifth andfourteenth amendments to the United States constitution and in violation of42 U.S.C. § 1983; count two, alleging that the city is liable to the plaintiffs pursuant to General Statutes § 7-465 for the conduct of its employees, servants and agents in demolishing the building; count four, alleging that the defendants' conduct was wanton and reckless; and count six, alleging that the defendants' conduct resulted in the intentional infliction of emotional distress.
"Unlike the state, municipalities have no sovereign immunity from suit. . . . Rather, municipal governments have a limited immunity from liability." (Citation omitted; internal quotation marks omitted.)Westport Taxi Service v. Westport Transit District, 235 Conn. 1, 26,664 A.2d 719 (1995). "A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity. . . . Governmental immunity, however, is not a blanket protection for all official acts. For example, a municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts." (Brackets omitted; citations omitted; internal quotation marks omitted.) Heigl v. Board of Education, 218 Conn. 1, 4-5,587 A.2d 423 (1991). "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature. . . . [M]inisterial acts are performed in a prescribed manner without the exercise of judgment or discretion . . . and [a] municipal employee . . . has a qualified immunity in the performance of a CT Page 13234 governmental duty, but he may be liable if he misperforms a ministerial act, as opposed to a discretionary act." (Citation omitted; internal quotation marks omitted.) Elliott v. Waterbury, 245 Conn. 385, 411,715 A.2d 27 (1998).
In count one of the complaint, the plaintiffs claim that the defendants partially condemned their property in violation of their rights under thefifth and fourteenth amendments to the United States constitution and in violation of 42 U.S.C. § 1983.[5] Section 1983 provides a remedy for individuals whose federal constitutional or statutory rights are violated under color of state law. "In order to establish a claim under § 1983, the plaintiff must prove (1) a `deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States; and (2) that this constitutional tort was committed by the conduct of a person acting `under color of any statute, ordinance, regulation, custom, or usage of any State or Territory.' See42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535,101 S.Ct. 1908,68 L.Ed.2d 572 (1986); Gorra Realty, Inc. v. Jetmore, 200 Conn. 151,165, 510 A.2d 440 (1986)." Brophy Ahern Development v. Manchester, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 389522 (August 13, 1992, Hennessey, J.) (7 C.S.C.R. 1059, 1060). The analysis in Brophy Ahern Development is applicable to the present case, as well.
In Brophy Ahern Development, the court found that, in "arguing that its actions did not violate . . . the due process clause . . . the defendant is in effect claiming that the plaintiff's constitutional rights were not violated under the first element of a section 1983 cause of action; in claiming that it cannot be held liable for the acts of its employees, the defendant is in effect claiming that it is not a proper `person' under the second element." Id. In the present case, the defendants argue that the plaintiffs' constitutional rights were not violated under the first element of a § 1983 action, while the plaintiffs argue why the city should be held liable as a proper "person" under the second element. The city may be a proper person under § 1983, however, the plaintiffs' claims in count one must fail because the court should find that the plaintiffs' constitutional rights were not violated under the first element of a § 1983 action.
To prevail on a due process claim, "the plaintiffs must prove that: (1) they have been deprived of the property or liberty interests cognizable under the due process clause; and (2) the deprivation of the property interest has occurred without due process of law." (Internal quotation marks omitted.) Harkless v. Rowe, 232 Conn. 599, 616, 657 A.2d 562
(1995). In the present case, the defendants do not dispute that the property interest asserted by the plaintiffs is cognizable under the due CT Page 13235 process clause. The defendants dispute, however, whether the deprivation of the plaintiffs' property interest occurred without due process of law.
Specifically, the defendants rely on Gorra Realty, Inc. v. Jetmore,200 Conn. 151, 162, 510 A.2d 440 (1986), where the court found that "[t]he plaintiff's due process claim founders on the well established constitutional principle permitting summary administrative action in situations of emergency. Hodel v. Virginia Surface Mining ReclamationAssn., 452 U.S. 264, 299-301, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981);Calero-Toledo v. Pearson Yacht Leasing Co., 416 U.S. 663, 677-80,94 S.Ct. 2080, 40 L.Ed.2d 452 (1974)." Id. In Gorra Realty, Inc., the Connecticut Supreme Court found that the defendants justifiably invoked the emergency provisions of BOCA. Id. The defendants in the present case argue that their actions in posting the plaintiffs' property and the subsequent demolition were also undertaken under the emergency provisions of BOCA, and they attach the provisions to their memorandum as Exhibit E.
Furthermore, the defendants argue that the plaintiffs were not denied due process. To support this argument, the defendants attach a copy of the Notice served on the plaintiffs by a deputy sheriff in which the plaintiffs are notified that the building is in danger of actual and immediate collapse and represents a danger to life and limb. (Defendants' memorandum, Exhibit B.)[6] The Notice further provides that Tracey and Walker must comply with one of two alternatives, to either demolish the structure within twenty-four hours of receipt of the order or to notify the city's office of building inspection and enforcement within twenty-four hours that they will guarantee the demolition of the structure within forty-eight hours of receipt of the letter. Id. Phillips followed the Notice with a letter dated December 21, 1993, informing the plaintiffs that the building would be demolished on December 27, 1993. (Defendants' memorandum, Exhibit C.)
In count one, the plaintiffs allege that the Notice was inadequate and insufficient. In opposition to the motion, the plaintiffs argue that the Notice was insufficient because it merely threatens to have the building demolished, not fill the basement or destroy the foundation and driveway and interrupt utilities. The plaintiffs further argue that the Notice merely described the "building," not the floor, the basement, the foundation or utilities. The plaintiffs attach an affidavit signed by Tracey in which he reiterates the plaintiffs' argument.
The plaintiffs' argument ignores, however, the provision in the Notice whereby they could call the city's office of building inspection and enforcement. The plaintiffs fail to provide any evidence to show that CT Page 13236 they availed themselves of this option. Furthermore, the plaintiffs fail to submit any proof to refute the defendants' position that the building was demolished for the reason stated in the Notice, that the building is in danger of actual and immediate collapse, and represents a danger to life and limb.
It is also noteworthy that, as the defendants argue, the plaintiffs had the ability to appeal the building official's decision, that the building was unsafe and occupancy was prohibited, to the Superior Court within ten days of receiving the Notice. See General Statutes § 29-405. "In these circumstances, the plaintiff's due process rights are adequately protected by its access to judicial relief. See Connecticut Light PowerCo. v. Norwalk, 179 Conn. 111, 119-20, 425 A.2d 576 (1979)." GorraRealty, Inc. v. Jetmore, supra, 200 Conn. 162. The plaintiffs fail to provide proof that they availed themselves of their access to judicial relief in accordance with General Statutes § 29-405.
This court finds, even viewing all of the evidence in a light most favorable to the nonmoving party; Appleton v. Board of Education, supra,254 Conn. 209; the plaintiffs fail to submit proof that raises genuine issues of material fact or refute the defendants' assertion that the defendants' actions did not deprive the plaintiffs of their due process rights. Thus, the plaintiffs are unable to meet the first element of a successful § 1983 claim and refute the defendants' assertion that the defendants are entitled to judgment as a matter of law. See Brophy AhernDevelopment v. Manchester, supra, 7 C.S.C.R. 1060.
The court find that the defendants did meet their burden of showing that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law and therefore the defendants' motion for summary judgment is granted as to count one of the plaintiffs' complaint.
In count two, the plaintiffs allege that the City is liable to them, pursuant to General Statutes § 7-465 for the conduct of its employees, servants and agents in demolishing the building.[7] The defendants argue their position under the rubric of the "public duty doctrine" outlined in Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170, 544 A.2d 1185 (1988) and its progeny. Because the plaintiffs concede that summary judgment may enter on their negligence claims in counts three and five, the court need not address whether the defendants owed the plaintiffs a private duty or a public duty.
General Statutes § 7-465 is, however, a statute which imposes only derivative indemnification on a municipality. "Whatever may be the full scope and effect of [§ 7-465], in no event may the municipality be CT Page 13237 held liable under it unless the municipal employee himself becomes obligated to pay [sums] by reason of the liability imposed upon . . . [him] by law for physical damages to person or property." (Internal quotation marks omitted.) Kostyal v. Cass, 163 Conn. 92, 97, 302 A.2d 121
(1972); see also Burns v. Board of Education, 30 Conn. App. 594, 601,621 A.2d 1350 (1993), rev'd on other grounds, 228 Conn. 640,651, 638 A.2d 1 (1994).
"Section 7-465(a) of the General Statutes does not impose liability upon a municipality for breach of any statutory duty of its own, but imposes upon a municipality the obligation of derivative liability for indemnification for legal liability arising out of certain tortious conduct of municipal employees. Ahern v. City of New Haven, 190 Conn. 77,459 A.2d 118 (1983). `[General Statutes § 7-465] indemnifies municipal employees who, acting in the scope of their employment, become obligated to pay damages for injury to person or property. A plaintiff bringing suit under General Statutes 7-465 first must allege in a separate count and prove the employee's duty to the individual injured and the breach thereof. Only then may the plaintiff go on to allege and prove the [city's] liability by indemnification.' Sestito v. Groton,178 Conn. 520, 527, 423 A.2d 165 (1979). `Thus, in a suit under §7-465, any municipal liability which may attach is predicated on prior findings of individual negligence on the part of the employee and the municipality's employment relationship with that individual.' Wu,Administrator v. Town of Fairfield, 204 Conn. 435, 438, 528 A.2d 364
(1987)." (Emphasis added). Imfeld v. Town of West Hartford, Superior Court, judicial district of New Britain, Docket No. 479691 (Dec. 15, 1999, Wollenberg, J.).
Because the court has granted summary judgment on count one of the complaint, it also grants summary judgment on count two, because that is the only remaining count to which General Statutes § 7-465 applies. In counts four and six, the plaintiffs allege intentional conduct on the part of the defendants, not negligence. Pursuant to the clear language of the statute, the city may only be derivatively liable for acts of its employees "if such occurrence, accident, physical injury or damage was not the result of any wilful or wanton act of such employee in thedischarge of such duty." (Emphasis added.) General Statutes § 7-465. Thus, because the plaintiffs allege that the defendants' conduct was wanton, reckless and intentional in counts four and six, as a matter of law, the city cannot be held liable for such conduct. Accordingly, the court finds that the plaintiffs fail to raise genuine issues of material fact as to their allegations in count two. The defendants are entitled to judgment as a matter of law and therefore the defendants' motion as to count two is granted. CT Page 13238
Both counts four and six contain allegations of wanton, reckless and intentional conduct by the defendants. The defendants argue that, given that the plaintiffs' building was found to be unsafe and presented a danger to life and limb, the defendants' actions were reasonable and necessary. The plaintiffs argue that the demolition was unnecessary because the first floor, foundation, driveway and utility hookups were usable.
"In order to establish that the defendants' conduct was wanton, reckless, wilful, intentional and malicious, the plaintiff must prove, on the part of the defendants, the existence of a state of consciousness with reference to the consequences of one's acts. . . . [Such conduct] is more than negligence, more than gross negligence. . . . [I]n order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. . . . It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action. . . . [In sum, such] conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Elliott v.Waterbury, supra, 245 Conn. 415.
In support of their motion, the defendants attach Phillips' affidavit, in which he states that, in his capacity as the city's building official, he inspected the building on the plaintiffs' property, which inspection revealed that the building was severely damaged by fire and was in danger of actual and immediate collapse, representing a danger to life and limb in violation of the state building code. (Defendants' memorandum, Exhibit A, ¶ 7.) Phillips further states that he pursued steps to notify the plaintiffs of the unsafe condition of their building and ordered the building demolished pursuant to the laws of the state, promulgated to protect the health, safety and welfare of the inhabitants of the city. (Defendants' memorandum, Exhibit A, ¶ 17.) The defendants provide documentation of the steps taken by Phillips to enforce the building code in his belief that the plaintiffs' building was unsafe. (Defendants' memorandum, Exhibits B, C, and D.) The defendants also provide a copy of the applicable building code provisions Phillips enforced. (Defendants' memorandum, Exhibit E.)
In opposition, the plaintiffs offer Tracey's affidavit, in which he states that the Notice provided by the defendants was insufficient and inadequate. (Plaintiffs' memorandum, Exhibit A.) The plaintiffs fail to offer any evidence to refute the defendants' assertion, supported by evidence, that the defendants acted reasonably and in accordance with applicable law in demolishing the building located on the plaintiffs' CT Page 13239 property. "We recognize that summary judgment is ordinarily inappropriate where an individual's intent and state of mind are implicated. . . ." (Citation omitted; internal quotation marks omitted.) Reynolds v.Chrysler First Commercial Corp., 40 Conn. App. 725, 731, 673 A.2d 573, cert. denied, 237 Conn. 913, 675 A.2d 885 (1996). "The summary judgment rule would be rendered sterile, however, if the mere incantation of intent or state of mind would operate as a talisman to defeat an otherwise valid motion." (Internal quotation marks omitted.) Id. "Our Supreme Court has held `that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact.' Wadia Enterprises, Inc. v. Hirschfeld, supra, 224 Conn. 250." Id., 731-32.
Accordingly, the court finds that the plaintiffs fail to meet their burden of establishing any genuine issues of material fact as to the reasonableness of the defendants' actions in responding to what was found to be a dangerous situation. Therefore, the defendants' motion as to counts four and six of the complaint is granted.
The plaintiffs concede that summary judgment may enter on counts three and five of the complaint. Thus, the defendants' motion on those counts is granted. Furthermore, the court grants summary judgment on count one of the complaint because the plaintiffs fail to show that their due process rights were violated by the conduct of the defendants, thereby failing to raise genuine issues of material fact about their claim in count one that the demolition resulted in the property being partially taken without due process of law and without just compensation in violation of the fifth and fourteenth amendments to the United States constitution, as well as in violation of 42 U.S.C. § 1983. Furthermore, because the claim in count two that the city is liable to the plaintiffs, pursuant to General Statutes § 7-465, for the conduct of its employees, servants and agents in demolishing the building must fail because this claim is derivative of the claims in count one, the court grants summary judgment as to count two as well. The court also grants the defendants' motion as to counts four and six because the plaintiffs failed to present the necessary proof to raise a genuine issue as to the existence of wanton, reckless or intentional conduct by the defendants in demolishing the plaintiffs' building.
Howard F. Zoarski Judge Trial Referee